Judgment modified on the law and facts in accordance with the memorandum and, as *1091 modified, affirmed, without costs of this appeal to any party. Order affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: We feel the court erred in placing a value on the assets of Onondaga Litholite Company as a going concern at a time when concededly the company was insolvent. Under such circumstances, market value, we believe, is the correct standard to be applied in determining the value of said assets and in arriving at plaintiff’s loss. We find the market value of said assets to be $54,850 against which should be credited the sum of $25,000 paid upon the foreclosure sale. The difference of $29,850, with interest thereon ascertainable by computation from August 1,1938, represents the damage suffered by plaintiff. In the absence of other evidence, we have accepted as market value the book value of the Gouveneur quarry. Having adopted market value as the standard for determining damages, we find no error in the court’s exclusion of evidence as to subsequent sales of the real property. All concur, except Taylor, P. J., and Kimball, J., who dissent and vote for reversal of the judgment and for dismissal of the complaint in the following memorandum: As we view it, any wrong on the part of the defendants must stem from the closing of the bankrupt’s plant at the insistence or request of the bank. No statutory liability has been shown. The foreclosure of the mortgage was legal in all respects and there was no duty on the part of the bank or its alter ego, Domark, to the unsecured creditors to bid in the property for its full market value. There being no duty on the part of the bank to continue giving credit to the bankrupt and such credit having been withdrawn, we think that the closing of the plant at the direction or behest of the bank was immaterial. Without continued financing by the bank, operations of the bankrupt necessarily ceased. We find no evidence from which any permissible inference may be drawn that there was intentional harm done to other unsecured creditors. The inference is that the defendants were acting in honest defense of their own business interests. (The judgment is for plaintiff in an action brought by a trustee in bankruptcy to recover damages alleged to have resulted from claimed illegal transfer of bankruptcy assets. The order denies defendants’ motion to reopen for the taking of additional proof.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ. [See post, p. 1161.]